## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALIDA FROSCH, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALLIED INTERSTATE, LLC, and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, KHALIDA FROSCH (hereinafter "Khalida" or "Plaintiff") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through this undersigned attorney, alleges against the above-named Defendant, ALLIED INTERSTATE, LLC (hereinafter "ALLIED"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.    Plaintiffs brings this action for damages and declaratory and injunctive relief arising from ALLIED's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant ALLIED is a Minnesota limited liability company with its registered agent at 335 Madison Avenue, 27th Floor, New York, NY 10017.

8.      Upon information and belief, ALLIED is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.     Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from ALLIED which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a statewide class action. The Class consists of:

> All New York consumers who were sent letters and/or notices from ALLIED concerning a debt owed to USA FUNDS and/or NAVIENT EDUCATION LOAN CORP., with the original creditor listed as NAVIENT EDUCATION LOAN CORP., and which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year to the filing of this Action.

12.     The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

14.     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from ALLIED that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

15.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

    a.      Whether Defendant violated various provisions of the FDCPA;

    b.      Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of ALLIED 's wrongdoing and if so, what is the proper

measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16.    Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17.    Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18.    Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without remed**y** they will continue to reap and retain the proceeds of their ill-gotten gains.

21.    ALLIED have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22.    On or about July 20, 2016, Plaintiff applied for a student loan from NAVIENT

EDUCATION LOAN CORP., ("NAVIENT").

23.    The NAVIENT obligation arose out of a transaction in which money, property,

insurance or services, which are the subject of the transaction, are primarily for personal,

family or household purposes.

24.    The NAVIENT obligation arose out of a transaction that for personal use.

25.    The NAVIENT obligation did not arise out of a transaction for commercial

purposes.

26.    The NAVIENT obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined

by 15 U.S.C. §1692a(3).

28.    On or before April 1, 2018, NAVIENT placed and/or referred the alleged obligation

with USA FUNDS and/or ALLIED for the purpose of collection

29.    On or before April 1, 2018, NAVIENT and/or USA FUNDS placed and/or referred

the alleged obligation with ALLIED for the purpose of collection.

30.    On or about April 10, 2018, ALLIED caused to be mailed to Plaintiff a letter

attempting to collect the alleged NAVIENT obligation.  A copy of said letter is annexed

hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R.

Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect

Plaintiff's privacy.

31.    The April 10, 2018 letter to Plaintiff stated in part;

> Last Pymt Date: 07/20/2016
> Principal Balance: $8675.51
> Interest Balance: $1125.48

Collection Charges: $1471.15
Other Charges:  $0.00

Amount Owed: $11,272.24
Allied Interstate Account No: xxxx531
Original Creditor: NAVIENT EDUCATION LOAN CORP

Date: 04-10-2018

"We are a debt collection company and out client; USA FUNDS, has retained us to collect the debt noted above."

32.     The April 10, 2018 further stated:

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Jeffrey Swedberg
800-367-1822
Allied Interstate LLC

PLEASE SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

33.     The reverse side of the April 10, 2018 letter stated in part:

If you wish to dispute the default status of your loan(s), you may submit a request in writing to:
1. Inspect and copy our records pertaining to your loan obligation.
2. Request a review regarding the legal enforceability or past status of your loan obligation. You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt. You cannot request a review for any one of the following reasons:
     * You failed to pay your lender.
     * You failed to complete your education and/or were dissatisfied with the school you attended.
     * You were unable to find employment in the field for which the school prepared you.
To request a review, your request must be submitted in writing to: Navient, PO Box 9460, MC E2142, Wilkes-Barre, PA 18773-9460.

34.     The second page the April 10, 2018 letter stated in part:

The total balance of your account includes the following defaulted student loans. These loan balances may include outstanding principal, interest and collection charges. Because of interest, and other charges, the amount due on the day that you pay may be greater. Payment in full is due on these debts, please confirm the payoff amount with our office and remit your payment to:

Correspondence Address:
Allied Interstate LLC
P.O. Box 361563
Columbus, OH 43236-1563

Payment Address:
Allied Interstate LLC
P.O. Box 361563
Columbus, OH 43236-1563

35.     At all pertinent times hereto, ALLIED was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

36.     The April 10, 2018 letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

37.     Upon receipt, Plaintiff read the April 10, 2018 letter in its entirety.

38.     The "Amount Owed of $11,272.34 as stated in the April 10, 2018 letter to Plaintiff included "Collection Charges" in the amount of $1,471.15.

39.     Plaintiff has never made a payment to ALLIED towards the Principal Balance(s) listed in the April 10, 2018 letter.

40.     As of April 10, 2018, ALLIED never collected a monies from Alex.

41.     The collection cost of $1,471.15, represents the contingency fee agreement between ALLIED and NAVITE and/or USA FUNDS, rather than a pre-paid, flat fee.

42.     ALLIED is not entitled a fee for funds collected pursuant to a Treasury Offset.

43.     At the time ALLIED sent the April 10, 2018 letter, Plaintiff did not owe ALLIED "Collection Charges" in the amount of $1,471.15"

44.     At the time ALLIED sent the April 10, 2018 letter to Plaintiff, ALLIED had not billed NAVIENT and/or USA FUNDS for "Collection Charges" in the amount $1,471.15", relative to the collection of the alleged debts.

45.     At the time ALLIED sent the  April 10, 2018 letter to Plaintiff, ALLIED had not charge NAVIENT and/or USA FUNDS "Collection Charges" of $1,471.15, relative to the collection of the alleged debts.

46.     At the time ALLIED sent the April 10, 2018 letter to Plaintiff, NAVIENT and/or USA FUNDS had not paid "Collection Charges" to ALLIED in the amount of $1,471.15, relative to the collection of the alleged debts.

47.     At the time ALLIED sent the April 10, 2018 letter to Plaintiff, NAVIENT and/or USA FUNDS had not been awarded "Collection Charges" by any Court in any jurisdiction, relating to the alleged debts.

48.     At the time ALLIED sent the April 10, 2018 letter to Plaintiff, ALLIED had not filed an action in any Court in any jurisdiction, related to the alleged debts.

49.     Upon information and belief, members of the class have made payment of collection costs, which were not due and owing.

50.     NAVIENT and/or USA FUNDS does not owe ALLIED "Collection Charges" in the amount of $1,471.15, relative to Plaintiff's account(s).

51.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, ALLIED sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A.

52.     ALLIED actions as described herein are part of a pattern and practice used to collect consumer debts.

53.     ALLIED could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54.     It is ALLIED 's policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by *inter alia*:

a.      Failing to accurately state the amount of the alleged debt;

b.      Attempting to collect "COLLECTION CHARGES" when no such charges were due to ALLIED;

c.      Attempting to costs in amount greater than what was actually due;

d.      Using false, deceptive or misleading representations or means in connection with the collection of any debt;

e.      Depriving consumers of the their right to receive the necessary and accurate information as to the true amount of the alleged debt;

f.      Depriving consumers of the their right to receive the informational content as to amount of potential additional costs;

g.      Depriving consumers of the their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

h.      Causing consumers to suffer a risk of economic injury.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

55.     Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were set forth at length herein.

56.     Collection letters and/or notices such as those sent by ALLIED, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

57.     ALLIED violated 15 U.S.C. § 1692 *et seq*. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

58.    ALLIED violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated.

59.    By stating in its collection letters to Plaintiff and other similarly situated that stated "Amount Owed", which included "Collections Charges", when in fact if any collection cost are due at all, the amount of such costs is based on a percentage of the amount of the debt *collected* and not based on the amount referred for collections, ALLIED used false, deceptive, misleading  representations or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated, in violation of 15 U.S.C. § 1692e *et seq*.

60.    By demanding an amount for "Collection Charges" in its initial letter to Plaintiff and other similarly situated when said collection costs were not yet, if at all, due ALLIED violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

61.    By representing to Plaintiff and other similarly situated that an amount was due for "Collection Charges"  in its initial collection letters when such "Collection Charges" were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, ALLIED violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

62.    ALLIED violated 15 U.S.C. § 1692e(2)(A) if the FDCPA by falsely representing the charter, amount or legal status of the alleged debt in its initial collection letters to Plaintiff and others similarly situated.

63.    ALLIED violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and other similarly situated.

64.    ALLIED violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

65.    ALLIED violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not expressly authorized by the agreement creating the alleged debt or by law.

66.    Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

>     Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
>     (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ---

67.    The least sophisticated consumer upon reading the April 10, 2018 letter from ALLIED, will be led into believing that a dispute must be made in writing.

68.    The least sophisticated consumer upon reading the April 10, 2018 letter from ALLIED, would be confused as to whom he must dispute the debt with, ALLIED or NAVIENT.

69.    ALLIED violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform the least sophisticated consumer to whom he must dispute the debt with.

70.    ALLIED violated 15 U.S.C. §1692g(a)(3) by instructing the least sophisticated consumer that his dispute must be made in writing, when in fact such dispute may be made by *via* a telephone call.

71.    ALLIED violated 15 U.S.C. §1692e(10) , as the least sophisticated consumer upon reading the April 10, 2018 letter, would be unsure if he must dispute the debt with (1) ALLIED; or (2) NAVIENT.

72.    Plaintiff suffered an informational injury due to ALLIED 's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

73.    Plaintiff suffered a risk of economic injury due to ALLIED's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

74.    By reason thereof, ALLIED is liable to Plaintiff and other similarly situated for declaratory judgment that ALLIED 's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining Goldman, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)    Issuing a declaratory Order requiring Goldman to make corrective disclosures;

(d)    Awarding Plaintiff and the Class statutory damages;

(e)    Awarding Plaintiff and the Class actual damages;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)    Awarding pre-judgment interest and post-judgment interest; and

(h)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 11, 2019
       New York, New York

/s/ Joseph K. Jones
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd. Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Joseph K. Jones
Joseph K. Jones

# Exhibit

# A

# *Allied*Interstate LLC

P.O. Box 361563, Columbus, OH 43236-1563

Toll Free: 800-367-1822

Mon-Fri 8AM-9PM Sat 8AM-12PM

Last Pymt Date: 07/20/2016
Principal Balance: $8675.61
Interest Balance: $1125.48
Collection Charges: $1471.15
Other Charges: $0.00

Amount Owed: $11,272.24
Allied Interstate Account No: ███531
Original Creditor: NAVIENT EDUCATION
LOAN CORP

Date: 04-10-2018

Dear Khalida Frosch:

We are a debt collection company and our client, USA Funds, has retained us to collect the debt noted above.

To make a payment, please telephone us at 800-367-1822 or mail your payment to us using the coupon on the reverse side of this letter. We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

We look forward to receiving your payment.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Jeffrey Swedberg
800-367-1822
Allied Interstate LLC

**PLEASE SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

Khalida Frosch
████████

*Please be advised, if you are unable to pay in full the outstanding balance on your defaulted loan(s), you have the following additional options for resolving your loan default:*

1) *Repayment Arrangements with the Collection Contractor*
   *You may contact us to arrange for acceptable repayment terms. Please ensure that you understand all of the agreed-upon terms, as you will be required to fulfill these commitments. A portion of each payment received from you will be allocated to pay collection costs. Those costs are assessed on your account 60 days after the default claim purchase.*

2) *Loan Rehabilitation*
   *Loan rehabilitation offers you the opportunity to resolve your loan default and may improve your credit record by removing your guarantors' report of your loan default. When you complete your rehabilitation commitment, your defaulted student loan(s) will be eligible for purchase by a lender, and the loan(s) will no longer be considered in default. If your guarantor is currently reporting the applicable loan(s) to the national consumer reporting agencies and you successfully rehabilitate those loan(s), then your guarantor will request the reporting agencies to delete all credit entries related to your loan(s) previous default. Your guarantor will also notify the default claim lender of your rehabilitation and notify the lender to delete its reporting of the default, as applicable. To participate in the loan rehabilitation program, you must advise **USA Funds** that you wish to rehabilitate your defaulted loan(s) and establish acceptable repayment terms. You will be notified of all the loan rehabilitation requirements, which include making at least nine, on-time, qualifying payments during a 10-month period. As part of your eligibility for loan rehabilitation, you will be assessed collection costs at a reduced rate of 16.0% of the outstanding balance at the time your loan is purchased by an eligible lender, and the purchasing lender may add these costs to your outstanding loan principal. Your guarantor will make every effort to secure a lender for you, but note that purchasing rehabilitated loan(s) is at the discretion of the lender.*

3) *William D. Ford (Direct) Loan Consolidation*
   *You may consolidate all your FFELP loans, including any defaulted loan(s), into a new, single loan. Direct loan consolidation may simplify your loan repayment by requiring only one monthly payment, and may reduce your monthly loan payment amount by extending the repayment term: To be eligible for loan consolidation, you must advise USA Funds that you wish to consolidate your loan(s). To consolidate your defaulted loans, you should establish repayment arrangements and may be required to make three, on-time, consecutive, monthly payments. Once you have made these payments and/or met other Direct Loan Program requirements, you may apply for a consolidation loan. Note that if you consolidate your loans, your guarantor will not remove the report of your loans default from your credit report if those loan(s) are currently being reported; however, the credit entry will be updated to reflect a paid-in-full status for the original defaulted loan(s). Additionally, you will be assessed collection charges at the rate of 18.5% of the outstanding balance of your defaulted loan(s) at the time your loan(s) are consolidated, and these charges may be added to your outstanding loan principal amount.*

*Failure to pay the account in full, agree to a satisfactory repayment arrangement, or utilize another recovery option listed above may result in additional collection efforts. These efforts may include:*
   * *Contacting your employer to seize a portion of your paycheck through administrative wage garnishment.*
   * *Intercepting future federal and/or state income tax refunds or other federal payments due you.*
   * *Assigning your loan(s) to the U.S. Department of Education for collection.*
   * *Pursuing other lawful collection procedures.*

*If you wish to dispute the default status of your loan(s), you may submit a request in writing to:*
*1. Inspect and copy our records pertaining to your loan obligation.*
*2. Request a review regarding the legal enforceability or past status of your loan obligation. You may request a review if you can prove your loan was not past-due with your lender, the loan balance is incorrect, or you did not incur this debt. You cannot request a review for any one of the following reasons:*
   * *You failed to pay your lender.*
   * *You failed to complete your education and/or were dissatisfied with the school you attended.*
   * *You were unable to find employment in the field for which the school prepared you.*
*To request a review, your request must be submitted in writing to: Navient, PO Box 9460, MC E2142, Wilkes-Barre, PA 18773-9460.*

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

**AlliedInterstate**
LLC

P.O. Box 361563, Columbus, OH 43236-1563

Toll Free: 800-367-1822
Mon-Fri 8AM-9PM Sat 8AM-12PM

The total balance of your account includes the following defaulted student loans. These loan
balances may include outstanding principal, interest and collection charges. Because of interest,
and other charges, the amount due on the day that you pay may be greater. Payment in full
is due on these debts, please confirm the payoff amount with our office and remit your payment to:

Correspondence Address:
Allied Interstate LLC
P.O. Box 361563
Columbus, OH 43236-1563

Payment Address:
Allied Interstate LLC
P.O. Box 361563
Columbus, OH 43236-1563

| MERCHANT NAME | ALLIED ACCOUNT # | BALANCE DUE |
|---|---|---|
| USA Funds | ███531 | $5,087.56 |
| USA Funds | 532 | $6,184.68 |
| | Total: | $11,272.24 |

-------------------------------------------------------------------------------------
Detach and return with payment

Date:            04-10-2018
USA Funds
Account Number:  ███531
Amount Due:      $11,272.24
Amount Remitted:
$_____

Payment Address:

Correspondence Address:

Allied Interstate LLC
P.O. Box 361563
Columbus, OH 43236-1563

Allied Interstate LLC
P.O. Box 361563
Columbus, OH 43236-1563